UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOHN T. ORE, FRANCIS M. DUNLOP, and                    Civil Action No. 07 CV 10681
ROBIN E. DUNLOP

                              Plaintiffs,

        v.

THELONIOUS RECORDS, INC.;
THELONIOUS S. MONK, JR. a/k/a
T.S. MONK, and PETER G. GRAIN,

                              Defendants.
-------------------------------------------------------------X

## ANSWER

        Defendants THELONIOUS RECODS, INC., THELONIOUS S. MONK, JR. and PETER

G. GRAIN (collectively "Defendants") by and through their undersigned attorneys answer the

complaint filed by Plaintiffs as follows:

        1. Defendants deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of paragraph 1 of the complaint, to the extent that they constitute

allegations of fact, and respectfully refer all conclusions of law set forth in paragraph 1 to the

court for its determination.

        2. Defendants deny the allegations of paragraph 2 of the complaint, except admit that

one or more of plaintiffs performed and recorded with the Thelonious Monk Quartet.

        3. Defendants deny the allegations of paragraph 3 of the complaint.

        4. Defendants respectfully refer all conclusions of law set forth in paragraph 4 of the

complaint to the court for its determination.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of the complaint, except admit that plaintiff John Ore served as bassist with the Thelonious Monk Quartet.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 of the complaint, except admit that plaintiff Frankie Dunlop served as drummer with the Thelonious Monk Quartet.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the complaint.

8. Defendants admit the allegations in paragraph 8 of the complaint, to the extent that they constitute allegations of fact, and respectfully refer all conclusions of law set forth in paragraph 8 to the court for its determination.

9. Defendants admit the allegations in paragraph 9 of the complaint, to the extent that they constitute allegations of fact, and respectfully refer all conclusions of law set forth in paragraph 9 to the court for its determination.

10. Defendants admit the allegations in paragraph 10 of the complaint, to the extent that they constitute allegations of fact, and respectfully refer all conclusions of law set forth in paragraph 10 to the court for its determination.

11. Defendants respectfully refer all conclusions of law set forth in paragraph 11 to the court for its determination.

12. Defendants respectfully refer all conclusions of law set forth in paragraph 12 to the court for its determination, and admit that one or more of defendants have advertised, offered for sale and/or sold recordings of live musical performances of the Thelonious Monk Quartet to individuals in this District.

2

13.  Defendants respectfully refer all conclusions of law set forth in paragraph 13 to the court for its determination, and admit that one or more of defendants have advertised, offered for sale and/or sold recordings of live musical performances of the Thelonious Monk Quartet to individuals in this District.

14.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the complaint.

15.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the complaint.

16.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the complaint.

17.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the complaint.

18.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the complaint.

19.  Defendants admit the allegations in paragraph 19 of the complaint, to the extent that they constitute allegations of fact.

20.  Defendants admit the allegations in paragraph 20 of the complaint, to the extent that they constitute allegations of fact.

21.  Defendants admit the allegations in paragraph 21 of the complaint, to the extent that they constitute allegations of fact.

22.  Defendants admit the allegations in paragraph 22 of the complaint, to the extent that they constitute allegations of fact.

27256/000/819133.1

23. Defendants admit the allegations of paragraph 23 of the complaint, to the extent that they constitute allegations of fact.

24. Defendants admit the allegations of paragraph 24 of the complaint.

25. Defendants admit the allegations of paragraph 25 of the complaint, to the extent that they constitute allegations of fact.

26. Defendants deny the allegations of paragraph 26 of the complaint, except admit that Thelonoius Monk appeared on the cover of *Time* magazine in 1964.

27. Defendants deny the allegations in paragraph 27 of the complaint.

28. Defendants admit that both Ore and Dunlop discontinued their performances with the Thelonious Monk Quartet in 1963, admit that both Ore and Dunlop were paid for their creative services, including the creative services provided while giving the performances here at issue, and deny the remaining allegations of paragraph 28 of the complaint, to the extent that they constitute allegations of fact.

29. Defendants respectfully refer all conclusions of law set forth in paragraph 29 to the court for its determination, and state that all collaborations between plaintiffs and Thelonious Monk, if any, were made at the instance and expense of Thelonious Monk.

30. Defendants respectfully refer all conclusions of law set forth in paragraph 30 to the court for its determination, and state that all collaborations between plaintiffs and Thelonious Monk, if any, were made at the instance and expense of Thelonious Monk.

31. Defendants deny the allegations of paragraph 31 of the complaint, to the extent that they constitute allegations of fact.

32. Defendants refer the court to the document referenced in paragraph 32 for a complete and accurate statement of the contents thereof.

4

33. Defendants refer the court to the documents referenced in paragraph 33 for a complete and accurate statement of the contents thereof.

34. Defendants respectfully refer all conclusions of law set forth in paragraph 34 to the court for its determination, and state that all collaborations between plaintiffs and Thelonious Monk, if any, were made at the instance and expense of Thelonious Monk.

35. Defendants deny the allegations of paragraph 35 of the complaint, to the extent that they constitute allegations of fact, except admit that T.S. Monk became executor of his father's estate sometime after Thelonious Monk's death in 1982, and that recordings of live musical performances by the Thelonious Monk Quartet, including performances by plaintiffs Ore and Dunlop, were included in the estate.

36. Defendants deny the allegations of paragraph 36 of the complaint, to the extent that they constitute allegations of fact, except admit that any recordings including performances by plaintiffs Ore and/or Dunlop with the Thelonious Monk Quartet were fixed prior to February 15, 1972, and defendants further state that Exhibit A attached to the complaint is materially misleading to the extent that it purports to comprise a complete and accurate enumeration of the performers who appear on each of the scheduled titles.

37. Defendants respectfully refer all conclusions of law set forth in paragraph 37 to the court for its determination, and state upon information and belief that all contributions made by plaintiff Dunlop to the music of the Thelonious Monk Quartet, specifically including the asserted creation and performance of the composition "Hot Licks on Drums," were made at the instance and expense of Thelonious Monk.

27256/000/819133.1

38. Defendants admit the allegations of paragraph 38 of the complaint, to the extent that they constitute allegations of fact, but deny that plaintiffs' consent was necessary for defendants to engage in the activities as alleged.

39. Defendants admit the allegations of paragraph 39 of the complaint, to the extent that they constitute allegations of fact, but deny that plaintiffs' consent was necessary for defendants to engage in the activities as alleged.

40. Defendants admit the allegations of paragraph 40 of the complaint, to the extent that they constitute allegations of fact, but deny that plaintiffs' consent was necessary for defendants to engage in the activities as alleged.

41. Defendants deny the allegations of paragraph 41 of the complaint.

42. Defendants admit the allegations of paragraph 42 of the complaint.

## Answer To Count I Of Plaintiffs' Complaint

43. Defendants incorporate the preceding paragraphs by reference as if fully set forth herein.

44. Defendants deny the allegations of paragraph 44 of the complaint.

45. Defendants deny the allegations of paragraph 45 of the complaint.

46. Defendants deny the allegations of paragraph 46 of the complaint.

## Answer To Count II Of Plaintiffs' Complaint

47. Defendants incorporate the preceding paragraphs by reference as if fully set forth herein.

48. Defendants admit the allegations of paragraph 48 of the complaint.

27256/000/819133.1

49. Defendants respectfully refer all conclusions of law set forth in paragraph 49 to the court for its determination, and state that the declaratory relief sought in Count II of plaintiffs' complaint is duplicative of and necessarily subsumed within the substantive relief sought in Count I of plaintiff's complaint.

50. Defendants respectfully refer all conclusions of law set forth in paragraph 50 to the court for its determination, and state that the declaratory relief sought in Count II of plaintiffs' complaint is duplicative of and necessarily subsumed within the substantive relief sought in Count I of plaintiff's complaint.

### Answer To Count III Of Plaintiffs' Complaint

51. Defendants incorporate the preceding paragraphs by reference as if fully set forth herein.

52. Defendants admit the allegations of paragraph 52 of the complaint.

53. Defendants respectfully refer all conclusions of law set forth in paragraph 53 to the court for its determination.

54. Defendants respectfully refer all conclusions of law set forth in paragraph 54 to the court for its determination, and state upon information and belief that all contributions made by plaintiffs to the music and recordings at issue, if any, were made at the instance and expense of Thelonious Monk, and further state that the declaratory relief sought in Count III of plaintiffs' complaint is duplicative of and necessarily subsumed within the substantive relief sought in Count IV of plaintiff's complaint.

### Answer To Count IV Of Plaintiffs' Complaint

55. Defendants incorporate the preceding paragraphs by reference as if fully set forth herein.

7

56. Defendants respectfully refer all conclusions of law set forth in paragraph 56 to the court for its determination, and state upon information and belief that all contributions made by plaintiffs to the musical composition at issue, if any, were made at the instance and expense of Thelonious Monk.

57. Defendants admit the allegations of paragraph 57 of the complaint, to the extent that they constitute allegations of fact, but deny that plaintiffs' consent was necessary for defendants to engage in the activities as alleged.

58. Defendants deny the allegations of paragraph 58 of the complaint.

## For a First Affirmative Defense

59.    Plaintiff's complaint fails to state a claim upon which relief may be granted.

## For a Second Affirmative Defense

60.    Plaintiffs lack standing to bring this action against defendants, who are either sole owners or co-owners of all of the recordings and compositions they are alleged to have infringed, and defendants have already offered to make payment to plaintiffs far in excess of the plaintiffs' proportionate share of revenues generated by the allegedly infringing activity.

## For a Third Affirmative Defense

61.    Defendants' alleged use of plaintiffs' works was made subject to a license from plaintiffs.

## For a Fourth Affirmative Defense

62.    Plaintiffs' actions, including the commencement of this litigation, constitute misuse of copyright.

8

27256/000/819133.1

### For a Fifth Affirmative Defense

63.     Plaintiffs' demand for punitive damages is not cognizable as a matter of law.

### For a Sixth Affirmative Defense

64.     Plaintiffs' demand for statutory damages and attorneys fees is not cognizable as a

matter of law.

### For a Seventh Affirmative Defense

65.     The musical composition in which Plaintiffs claim to own a registered copyright,

No. PAu 3-335-850, is not copyrightable subject matter to the extent that it was, as

plaintiffs allege, fixed in a tangible medium without plaintiffs' authorization.


WHEREFORE, Defendants demand entry of Judgment dismissing Plaintiff's complaint

with prejudice, an award to Defendants of the costs and disbursements of this action, including

reasonable attorneys' fees, and such other and further relief as this court deems just and proper.


Dated:    New York, New York
          March 31, 2008

                          COWAN, LIEBOWITZ & LATMAN, P.C.


                          By _____
                               Robert W. Clarida (RC 3190)
                          Attorneys for Defendants
                          1133 Avenue of the Americas
                          New York, New York 10036-6799
                          (212) 790-9200

9